## Pozzi v. Yellow Cab Co.

*John Patrick Walsh*, for plaintiff.

*Bernard J. Kelley*, for defendant Philadelphia Transportation Company.

KUN, P. J., November 2, 1956.—This matter is before the court on the objections of defendant Philadelphia Transportation Company, hereinafter re-

ferred to as defendant, to certain interrogatories filed by plaintiffs.

Defendant's first objection is to interrogatory no. 2, which is as follows:

"2. State all facts of said occurrence including the facts relative to the time, place and cause thereof according to information . . . you have received from any source whatsoever."

In our view this interrogatory is too broadly worded, and defendant need not answer it in its present form. Defendant is a corporation, and necessarily must answer interrogatories through its agents, servants or employes. Plaintiffs, therefore, could ask defendant questions as to specific facts to be answered by the appropriate employe of defendant in possession of that specific knowledge. To ask defendant, however, to state "all the facts" would require some agent, servant or employe of defendant to determine which of the material in defendant's possession are "all the facts" and which are not. Furthermore, this interrogatory, as presently worded, could require defendant to supply plaintiffs with information defendant received from witnesses it has interviewed in preparation for a trial of the case, other than its own employes. Under Pa. R. C. P. 4011 (*d*) defendant cannot be compelled to do this.

Defendant can be compelled to supply plaintiffs with the names of witnesses, from whom plaintiffs in turn may take depositions, and plaintiffs may address interrogatories to defendant, requesting specific information capable of being answered by some agent, servant or employe of defendant. Plaintiffs, however, may not compel defendant to answer an interrogatory worded as broadly as the one here in issue. To the extent that the case of Troutner v. Philadelphia Transportation Company, 5 D. & C. 2d 545, may have held differently, we must disagree with it.

Defendant's objections to plaintiff's third interrogatory have been withdrawn and need not be considered.

Defendant has also filed objection to interrogatory no. 5, which is as follows:

"5. State the names and the residence and business addresses of any other persons who have claimed injuries as the result of said occurrence."

We consider this interrogatory proper, as it may lead to the identity of witnesses, information to which plaintiffs are entitled.

Defendant's objections to interrogatories nos. 3 and 5 are hereby dismissed, and defendant is ordered to answer the same. Defendant's objection to interrogatory no. 2 is hereby sustained.